## DANIEL CANNON ADAMS' LESSEE v. EZEKIEL SMITH.

Supreme Court.   Sussex.   March, 1798.

*Wilson's Red Book, 184.*

*Wilson, Vining* and *Peery* for plaintiff.   *Ridgely* and *Miller* for defendant.

Defendant produced a land warrant granted to Paris Chipman May 20, 1776, from Pennsylvania, a copy under the seal of the Recorder of Sussex, and an assignment certified from the same officer.  *Wilson* objected and READ, C. J., said certainly the officer may be compelled by *subpœna duces tecum* to produce the original assignment, which, while in its present situation, is the only evidence.

The original was immediately brought, and it appeared to be dated October 10, 1780, under the seal of the party and one wit-

ness to it, who was proved to be dead, and his handwriting proved, but not the handwriting of Paris Chipman.

*Wilson* objected on that ground and read 1 Morg.Ess. 155, 161, Doug. 93. It is expressly said in Morgan to be necessary in cases of erasure or interlineation to prove the handwriting of the party, as well as of the witnesses. And every erasure or alteration is presumed in law to have been done before the execution until proved otherwise; therefore the proof of the handwriting of the party is necessary in all cases, and it is more reasonable and better proof than that of the witnesses, *vide contra,* 4 Com.Dig. 91.

READ, C. J. The legal proof is the proof of the handwriting of the witness and not of the party. Though I have often thought the reason of the thing would require the other proof, but the law is settled and is otherwise, except where there is an erasure, or interlineation, or blemish etc.; yet I acknowledge the presumption is that it took place before the execution of the deed, though otherwise determined by McKean, C. J., in Pennsylvania.

Defendant offered a survey made under the above warrant dated September 7, 1783, signed, Thomas White (who was a Deputy Surveyor for part of Kent and Sussex under the Surveyor General commissioned by Penn), certificated by Board of Commissioners, receipted by State Treasurer, and certified by Recorder to have been recorded by him.

*Vining* and *Peery* objected that Thomas White's handwriting ought to be proved, and offered then to prove that the words, Thomas White, were written by another person; that this survey by 1 Body Laws 251, 2 Body Laws 216, ought to have been proved and recorded by Deputy Surveyor.

*Ridgely.* By 4 Body Laws 277 [1] the Commissioners are authorized to receive it, and, having jurisdiction, their acts are binding.

PER CURIAM. The certificate of the Commissioners endorsed is a sufficient authentication to allow it to be read in evidence, but the objection may be shown to the jury.

Defendant's [counsel] offered Roger Adams as a witness.

*Wilson* showed that the lands claimed by plaintiff were originally granted to this man, and that he had given a deed with a general warranty. He was therefore interested; for, as this was a question of boundaries, if he could confine the tract to a narrow compass, he would lessen the quantity warranted. But he

---

[1] This reference is to the volume of session laws for the January regular session, 1794. The statute is found in 2 Del. Laws 1176.

ought not to be a witness because it would be contradicting his own conveyance, and, although the rule seems to be confined mostly to negotiable instruments, 2 Esp.N.P. 708, yet it is a rule that a vendor with covenant for good title or warranty is not to be a witness, Str. 445, 6 Com.Dig. 355, 1 Morg.Ess. 355.

*Ridgely* insisted the witness was brought to swear against his interest.

READ, C. J. The rule as to such a vendor is general, and, if there was a distinction as to his being brought against his interest, I should have found it in the books. But he appears to be interested and is inadmissible.

Plaintiff offered copies signed by Daniel Polk of defendant's surveys which, differed from those produced, proved Daniel Polk to have acted under Thomas White, and that he received fees for those copies, and that Polk did the work of making those surveys.

PER CURIAM. To admit these papers would not be to allow the best evidence but that which is inferior.

Plaintiff offered Curtis Jacobs as a witness to prove that a tree, called in defendant's survey a dead tree, was a living tree long since the date of that survey.

Yet the Court were of opinion (as it appeared that he had lands which were affected by both plaintiff's and defendant's surveys, although this verdict was no evidence against him) that he could not be sworn in point of interest.

This cause was submitted to the jury without argument or charge, who found a verdict for plaintiff.